IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE



IN THE MATTER OF THE
ADMINISTRATIVE INSPECTION OF:

TRENT W. CROSS, M.D.
1104 MERCHANT DRIVE
KNOXVILLE, TENNESSEE 37912

Magistrate No. 3:20-MJ-1090

## APPLICATION AND AFFIDAVIT

STATE OF TENNESSEE

COUNTY OF KNOX, to-wit:

  I, Merry C. Church, being first duly sworn, do hereby depose and state as follows:

  Your affiant, Merry C. Church, is a duly appointed Diversion Investigator of the Drug Enforcement Administration, United States Department of Justice, assigned to the Knoxville, Tennessee Resident Office.

  Pursuant to Title 21, United States Code (U.S.C.), Sections 878(2) and 880(b)(1), (2), and (3), and Section 3, Appendix to Subpart R. Title 28, Code of Federal Regulations (C.F.R.), your affiant is authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (CSA) (21 U.S.C. § 800 *et seq.*) in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under 21 U.S.C. § 827 and 21 C.F.R. § 1304.01 *et seq.*

  Trent W. Cross, M.D., is registered under the provisions of the CSA, 21 U.S.C. § 823 *et seq.*, as a practitioner, and has been assigned DEA registration number BC8844688 in Schedules 2, 2N, 3, 3N, 4, and 5, and is doing business at Way-Less, 1104 Merchant Drive, Knoxville, Tennessee 37912. That said place of business is a controlled premise within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c).

  Prior to June 28, 2019, Dr. Cross held his DEA registration number at various locations in Oneida, Tennessee, not Way-Less, 1104 Merchant Drive, Knoxville, Tennessee 37912.

Trent W. Cross, MD, is also registered under the provisions of the CSA, 21 U.S.C. § 823 *et seq.*, as a practitioner authorized to dispense and prescribe narcotic drugs to individuals for maintenance treatment or detoxification for opioid addiction. Dr. Cross is registered with DEA to provide treatment for opioid addiction at 1104 Merchant Drive, Knoxville, Tennessee 37912. However, your affiant has examined the files and records of the DEA, and has determined that Trent W. Cross has not prescribed buprenorphine products for addiction treatment since 2018, and has not prescribed buprenorphine products for addiction treatment at his current DEA registered location.

Trent W. Cross, M.D., is required to keep complete and accurate records, for at least two (2) years, of all controlled substances received, sold, delivered or otherwise disposed of by him pursuant to 21 U.S.C. § 827 and 21 CFR § 1304.01 *et seq.* on the controlled premises. Pursuant to 21 CFR § 1303.22(c), persons registered to dispense controlled substances are required to record the number of units or volume of such finished form dispensed, including the name and address of the person to whom it was dispensed, the date of dispensing, the number of units or volume dispensed, and the written or typewritten name or initials of the individual who dispensed the substance.

As used in this affidavit, Phentermine, a Schedule 4 controlled substance, marketed under the brand name Adipex-P, is specifically approved by the Food and Drug Administration for short-term adjunct (a few weeks) in a regimen of weight reduction based on exercise, behavior modification, and caloric restriction.

As used in this affidavit, Testosterone, a Schedule 3 controlled substances, marketed under multiple brand names, is specifically approved by the Food and Drug Administration for men who have low testosterone levels caused by certain medical conditions.

On August 30, 2019, Trent W. Cross, M.D., submitted an application to renew his DEA registration number BC8844688. On the renewal application, Dr. Cross disclosed, as he was required to do, that his Tennessee medical license was placed on probation. The probation on his medical license is set to run concurrently with a criminal probation related to a felony conviction for aggravated assault. On September 19, 2017, Dr. Cross pled guilty to one count of aggravated assault. Dr. Cross was granted judicial diversion, and was placed on supervised probation for six years, scheduled to conclude on September 18, 2023.

On October 30, 2019, D.E.A. investigators conducted an on-site investigation at Way-Less. The inspection revealed that Dr. Cross, from approximately 2004 until approximately June 28, 2019, caused controlled substances, specifically phentermine, to be shipped to his DEA-registered location(s) in Oneida, Tennessee. Dr. Cross then transported the phentermine to Way-Less in Knoxville, Tennessee, which, as previously delineated in this affidavit, was a location unregistered by the DEA until June 28, 2019. Dr. Cross then stored and dispensed phentermine to patients from that unregistered location. Your affiant notes that Dr. Cross' activity during this timeframe violated the requirements of 21 C.F.R. § 1301.12(a), which states, "A separate registration is required for each principal place of business or professional practice at one general physical location where controlled substances are manufactured, distributed, imported, exported, or dispensed by a person."

During the on-site inspection, Dr. Cross disclosed to investigators that he had failed to conduct inventories of controlled substances since he began ordering controlled substances in approximately 2004. Your affiant notes that a failure to conduct inventories violates 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(b & c).

Dr. Cross also disclosed that he did not maintain receiving records for phentermine and testosterone at his registered location, and that he would have to email those records to investigators. Pursuant to 21 C.F.R. § 1304.21(b), a registrant is required to maintain all controlled substance records at his or her registered location.

Dr. Cross advised that he maintained phentermine dispensing records in Way-Less' electronic healthcare recordkeeping system, but that he maintained testosterone dispensing records at his residence. Once again, your affiant notes that a registrant is required to maintain all controlled substance records at his or her registered location.

In the course of the onsite inspection, investigators inventoried all controlled substances on-hand. Investigators also obtained a print-out of phentermine dispensed by Way-Less for the timeframe January 1, 2019 to October 30, 2019.

After the on-site inspection, investigators conducted an audit of the phentermine handled by Dr. Cross. The audit revealed a surplus of 35,323.5 phentermine 37.5 mg tablets, and a surplus of 3,139 phentermine 37.5 mg capsules. It should be noted that investigators, for the aforementioned audit, utilized controlled substance purchase records from Dr. Cross' pharmaceutical supplier. Moreover, despite the existence of a shipment of testosterone cypionate 200mg/ml 6 vials to Way-Less on July 16, 2019, investigators were unable to audit the testosterone because Dr. Cross, on October 30, 2019, was unable to provide receipt and usage records for the testosterone. There also was no testosterone located at Way-Less on October 30, 2019.

In an effort to resolve the deficiencies identified during the onsite inspection, the DEA Knoxville Resident Office, on February 21, 2020, presented Dr. Cross with a Memorandum of Agreement (MOA). The purpose of the MOA was to give Dr. Cross the opportunity to achieve and demonstrate compliance with federal and state laws as they pertain to the handling of controlled substances. Dr. Cross requested an opportunity to review the MOA with an attorney, which the DEA granted.

On or about March 4, 2020, the DEA Knoxville Resident Office received a letter from an individual representing himself as Dr. Cross' attorney. In the letter, Dr. Cross' attorney asserted that Dr. Cross categorically denies that he failed to conduct required inventories. Per Dr. Cross' attorney, the DEA failed to request inventory records, which Dr. Cross would have provided to DEA if requested. In his letter, Dr. Cross' attorney advised that Dr. Cross' inventory is "kept to the pill."

Your affiant represents that Trent W. Cross, M.D., is under investigation by the Drug Enforcement Administration for a failure to keep a complete and accurate record of each substance (i.e., phentermine and testosterone) manufactured, imported, received, sold, delivered, exported, or otherwise disposed of by him, in violation of 21 C.F.R. 1304.21(a). Dr. Cross also is

under investigation for transporting controlled substances to locations not registered by the DEA, subsequently storing and dispensing controlled substances from an unregistered location.

Your affiant further represents that the need for further inspecting Dr. Cross' registered location, Way-Less, 1104 Merchant Drive, Knoxville, Tennessee 37912, and the need for verifying the correctness of inventories, records, reports, and other documents required to be kept under the CSA, result from a valid public interest in the effective enforcement of the CSA and implementing regulations.

The affiant further states that the inspection will be conducted within regular business hours, and that the Investigator's credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness and that the warrant will be returned within 10 days.

The affiant further states that the inspection will extend to the inspection and copying of inventories, records, reports, prescriptions, order forms, invoices, and other documents, including electronically-stored data, required to be kept and the inspection of all other things therein including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the CSA. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and if necessary and applicable records and/or samples of controlled substances will be seized.

The affiant requests that this Court authorize investigators and agents to copy, or "mirror image" all computerized storage areas, including hard drives, diskettes, and other such storage devices where records and documents sought by this administrative inspection warrant may be found in electronic form and perform whatever techniques are necessary to ensure that the imaged copies are accurate copies. As to inspection of the contents, investigators or agents are requesting authorization to analyze the electronically stored data using any of the following techniques: (a) surveying various file "directories" and the individual files they contain in order to locate records authorized for inspection or seizure by the warrant; (b) "opening" or reading the first few "pages" of such files in order to determine their precise contents; (c) "scanning" storage areas to discover and possibly recover recently deleted data and scanning storage areas for deliberately hidden files; and (d) performing electronic "keyword" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the inspection.

Although the Act does not explicitly provide for copying of items listed under 21 U.S.C. 880(b)(3)(B), the affiant requests that the court authorize the copying of (and if necessary, seizure for the purpose of copying) such items (whether they be in written or printed form) in order to appropriately verify the records that are required to be kept under 21 U.S.C. 880(b)(3)(A). Further, if the relevant items are seized, copied, and returned in a reasonably prompt fashion, it will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and minimize disruption of the medical practice.

The affiant will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections. If the registrant or any person

subject to the Act refuses to permit execution of the administrative inspection warrant, or impedes an Investigator in the execution of that warrant, he or she will be advised that such refusal or action constitutes a violation of section 402(a)(6) of the Act (21 U.S.C. 842(a)(6)). If he or she persists and the circumstances warrant, he or she shall be arrested and the inspection shall commence or continue.

A return will be made to this United States Magistrate Judge upon the completion of the inspection. The affiant further states that she has verified, and has knowledge of the facts alleged in this affidavit, and that they are true to the best of her knowledge.

Further your affiant sayeth naught.

_____
Merry C. Church
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this ___16___ day of __June__ 2020.

_____
Debra C. Poplin
United States Magistrate Judge